Filed 6/18/13  P. v. Bradley CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL EDWARD BRADLEY,<br><br>Defendant and Appellant. | B244064<br><br>(Los Angeles County<br>Super. Ct. No. PA073569) |

THE COURT:[*]

Appellant Michael Edward Bradley (Bradley) appeals from the judgment of conviction following a jury trial.

*Statement of the Case*

An amended information filed August 15, 2012, charged Bradley with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and criminal threats (§ 422, subd. (a)) and with allegations of priors.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)  A jury found Bradley guilty of criminal threats.  It found him not guilty of assault with a deadly weapon, but found him guilty of the lesser included offense of simple assault, in violation

---

[*]     BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

of section 240.  Bradley waived his constitutional rights to both a jury and a court trial on his priors and admitted them as true.

On September 18, 2012, Bradley was sentenced to 11 years in state prison after the trial court denied his *Romero*[2] motion and his motion to reduce his criminal threats conviction to a misdemeanor.  (§ 17, subd. (b)(1).)  The trial court selected the upper term of three years as to the criminal threats conviction, doubled pursuant to the Three Strikes Law, and imposed an additional five years pursuant to section 667, subdivision (a)(1).  It struck the section 667.5, subdivision (b), priors.  As to the misdemeanor assault, Bradley was sentenced to time served.  He received credit of 123 days in custody and 123 days for work time, for a total of 246 days custody credit.

Timely notice of appeal was filed September 18, 2012.

*Factual Background*

Prosecution Case

Ronald Gordon (Gordon), Dave Patt (Patt), Gregory Hinde (Hinde), and Hinde's daughter Emily are neighbors on Abelia Road in Canyon Country.  Hinde and Gordon are next door neighbors; Patt lives across the street from Hinde.

In the late evening of May 6, 2012, Hinde and Emily were taking photographs of the moon outside of Patt's house.  Patt's garage door was open and he was inside cleaning while Gordon, Hinde, and Emily were outside.  Gordon, Hinde, and Emily heard the sound of a speeding car and saw a dark SUV drive towards them.  Believing that the car was going above the speed limit on a residential street, Gordon stepped out on the street and motioned for the car to slow down.  However, instead of slowing down, the driver appeared to accelerate.  Frustrated with the frequent problem of drivers speeding through their street, Gordon threw an empty plastic cup at the car as it passed, hitting it on the passenger side.

When the cup hit the car, the car came to an abrupt stop and the driver, Bradley, stepped out.  Bradley had a flashlight in his hand as he moved towards Gordon, saying

---

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

"I'm a Hell's Angel" and "I'm going to kill you." Bradley grabbed Gordon's right arm and dragged Gordon across the street, twisted him onto the ground, and hit him with the flashlight at least three times around his rib cage area. Patt, who witnessed the events from his garage, ran across the street to intervene, while Hinde announced that he was going to get his cell phone. With both hands in the air, Patt stepped between Bradley and Gordon, telling Bradley to take it easy. Bradley appeared to calm down a bit, stated "Fuck this," and got back into his car and sped away.

Bradley had already left when Hinde returned outside and phoned the sheriff's department.

Los Angeles County Sheriff Jeffrey Burrow arrived a few hours later and was given a description of Bradley, his car, and the license plate number. Bradley was tracked down and arrested. A flashlight was found in his car. The car had a sticker on it saying, "Support your local Hell's Angels," and another sticker depicting a female devil, which is a common sticker used by the Hell's Angels. Bradley had 666 tattooed on his neck.

Although Gordon did not seek medical assistance, he was sore for a few months after the incident, and at the time of trial, he was still in fear, specifically of retaliation.

Defense Case

Bradley was on his way home after visiting a friend when he turned onto Abelia Road, driving no more than 30 to 35 miles per hour. He saw Gordon waving his hands and thought he was drunk. As Bradley got closer, Gordon threw something that landed on his windshield. Upset, Bradley slammed on his brakes and grabbed his flashlight to see if there was any damage. He noticed a chip on the windshield, but had no time to investigate further because he was approached by two people who were screaming at him. Gordon asked him about his speed, and Bradley replied that Gordon had "assaulted" his windshield. Because Gordon kept moving towards Bradley in a threatening manner, Bradley told him that he was with Hell's Angels and that he would "fuck him up," in an effort to get him to back away. Gordon was unfazed by Bradley's statement and raised his hands as though he were about to hit Bradley, at which point

3

Bradley pushed him. Gordon went back about three feet, but came right back. Wrestling back and forth, Gordon would not back down and kept saying that he was going to kick Bradley's "ass." While trying to keep Gordon down, someone told Bradley to calm down. Bradley explained that Gordon had thrown something on his windshield. Bradley was again told to calm down, to take off, and that "we [would] take care of this." Bradley never hit Gordon with the flashlight.

A few days after the incident, Bradley received a call from the sheriff's department asking him to go to the station. Bradley complied.

*Discussion*

Counsel was appointed to represent Bradley in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On March 6, 2013, we advised Bradley that he had 30 days within which to personally submit any contentions or issues for us to consider. Bradley filed two handwritten documents. In the letter filed March 18, 2013, Bradley contends that the verdict was inconsistent with the jury instructions (self-defense); his property and life were attacked and threatened; prosecutorial misconduct and misconduct by the sheriff's department for failure to charge the victim (presumably, Gordon); inconsistent evidence; perjury; and he was stereotyped. In the letter filed April 2, 2013, Bradley asserts prejudicial prosecutorial misconduct by (1) submitting the lesser included offense instruction, (2) commenting on sentencing, and (3) allowing the jury to consider punishment as a factor in determining his guilt or innocence.

After reviewing the entire record, we conclude that it provides a factual basis to support the conviction. Ample evidence supports the jury's conviction, namely testimony from Gordon, Hinde, Emily, Patt, and Sheriff Burrow regarding the incident that occurred. As for the arguments set forth in Bradley's two letters, we have reviewed the appellate record and conclude that they do not warrant reversal. While the jury was instructed on self-defense, the jury was free not to believe Bradley's characterization of what occurred and to believe the several other witnesses who testified regarding what occurred. Just because the jury chose not to find self-defense does not mean that the

4

verdict is inconsistent with the instructions.  Moreover, there is no evidence of prosecutorial misconduct.  We reviewed the prosecutor's closing argument and find no error.  And, there is no evidence of perjury.

The fact that Bradley is not an attorney does not compel reversal; an attorney reviewed the appellate record and filed an appellate brief on his belief.  We are satisfied that Bradley's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.